NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMIE KAY SKARO, *Appellant*.

No. 1 CA-CR 18-0051
FILED 12-20-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201600860
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding
Judge Kenton D. Jones and Judge David D. Weinzweig joined.

**S W A N N**, Judge:

¶1        Jamie Kay Skaro appeals her convictions and sentences for various criminal offenses charged after her arrest and confession to selling methamphetamine.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        After three years of surveilling Skaro, Kingman Police Department detectives conducted a "trash rip" on a community dumpster across the street from Skaro's residence.  In the dumpster, the officers found drug paraphernalia and mail addressed to Skaro in a sealed trash bag.  A detective then obtained a warrant to search Skaro, her home, and her vehicles.

¶3        Instead of executing the warrant when Skaro was home, detectives waited for her to leave her residence, followed her in an unmarked vehicle, and activated their vehicle's siren and red-and-blue lights.  Skaro stopped her vehicle, but when the detectives approached on foot, their badges on display, she "[took] off."  The detectives returned to their vehicle and followed Skaro back to her residence, where, after one detective handcuffed her outside of the home, Skaro kicked him, scratched him, and ripped apart a baggie containing methamphetamine.  A search of Skaro's person revealed additional baggies of methamphetamine and $260 in cash.  During a subsequent police interview, Skaro admitted that she sold methamphetamine to support her own drug habit.

¶4        A jury found Skaro guilty of possession of dangerous drugs for sale, possession of drug paraphernalia, resisting arrest, and aggravated assault, and the superior court imposed a combination of concurrent and consecutive prison terms totaling 29.25 years.  Skaro timely appeals.

## DISCUSSION

¶5        Skaro contends that her arrest was unlawful and that the superior court therefore should have suppressed her confession and other evidence of criminal conduct stemming from her arrest. Conceding she did not move to suppress the evidence, Skaro requests that we review for

---

[1]        We view the facts in the light most favorable to upholding the verdicts, and we resolve all reasonable inferences against the defendant. *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

fundamental error the superior court's failure to *sua sponte* preclude the evidence.

¶6          We hold that Skaro's arrest was lawful.  Law enforcement had a warrant to search her.  When the detectives attempted to effectuate the warrant at a traffic stop, Skaro fled, creating probable cause for her arrest under, at the least, A.R.S. § 28-622.01, which prohibits unlawful flight from a pursuing law enforcement vehicle.  Skaro presented no evidence or argument at trial suggesting that the search warrant was somehow defective or that her arrest was not lawful.  And even if she had, her failure to request a suppression hearing precludes us from evaluating the superior court's failure to do so *sua sponte*.  *See State v. Bush*, 244 Ariz. 575, 588–90, ¶¶ 53–61 (2018) (holding that superior court is not required to *sua sponte* conduct voluntariness hearing regarding defendant's confession when question of voluntariness is merely raised by the evidence).  The court did not err, fundamentally or otherwise, by not *sua sponte* suppressing Skaro's confession or other inculpatory evidence.  *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) ("[T]he first step in fundamental error review is determining whether trial error exists.").

## CONCLUSION

¶7          We affirm Skaro's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA